IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JERROD NILE,                )
                            )
    Plaintiff,              )
                            )
v.                          )   Case No.
                            )
INGRAM ENTERTAINMENT INC.,  )
                            )
    Defendant.              )

## COMPLAINT

For his Complaint against defendant Ingram Entertainment Inc., plaintiff Jerrod Nile (plaintiff) states:

### PARTIES

1. Plaintiff is a resident of Rutherford County Tennessee and former employee of defendant.

2. Defendant is a Tennessee corporation with its principal place of business in La Vergne, Rutherford County, Tennessee. At all relevant times, defendant employed more than 50 individuals, including plaintiff, in 20 or more workweeks per year. Defendant may be served with process through its registered agent, John J. Fletcher, 2 Ingram Boulevard, La Vergne, TN 37086.

### JURISDICTION AND VENUE

3. This is an action for damages and equitable relief for unlawful employment practices brought under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, ("FMLA"). The Court has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391.

## FACTS

4. Plaintiff began his employment with defendant on or about May 19, 2004, and he performed his job duties for defendant in an exemplary manner.

5. In approximately June of 2010, plaintiff learned that he would have to have spinal surgery as a result of degenerative disc disease.

6. Plaintiff immediately informed his supervisor, John Carrel, about his prescribed surgery, and Mr. Carrol directed plaintiff to defendant's Human Resources Department.

7. Plaintiff informed defendant's Human Resources Manager, Amy Dement, that he would have to have surgery on his spine and that he would be absent for a period of time from his job.

8. Ms. Dement determined that plaintiff was eligible for FMLA leave, and she mailed plaintiff an FMLA application by certified mail on or about June 16, 2010.

9. On or about July 7, 2010, plaintiff's physician completed and returned defendant's FMLA certification papers to defendant advising that plaintiff was required to undergo spine and neck surgery.

10. On July 15, 2010, defendant informed plaintiff that it was terminating his employment for the stated reason that he stole a roll of toilet paper on July 11, 2010.

11. Defendant's stated reason for its termination decision is a pretext.

12. Plaintiff did not steal anything from defendant ever. In fact, plaintiff worked around and was responsible for defendant's extremely valuable assets and equipment, and defendant knows he did not steal anything from it.

13. When plaintiff told defendant at the time it was terminating his employment that he had never stolen anything, much less a roll of toilet paper, defendant told plaintiff that it

2

captured the "theft" on video and showed him a grainy surveillance video that no reasonable person could watch and conclude that plaintiff stole a roll of toilet paper.

14. When defendant told defendant that the "theft" occurred on the evening of July 11, 2010, plaintiff told defendant that he had been to the store early that same day and had purchased toilet paper on that shopping trip, had a receipt for it, and did not need, want or take defendant's toilet paper.

15. Defendant terminated plaintiff's employment because of his requested FMLA leave in violation of the FMLA.

## CLAIM FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
(INTERFERENCE AND RETALIATION)

16. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 15 herein.

17. At all times pertinent to this action, plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A).

18. At all times pertinent to this action, defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

19. Plaintiff's degenerative disc disease constituted a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11).

20. Plaintiff was under the continuous care of a physician, 29 U.S.C. § 2611(11)(B).

21. Defendant's termination of plaintiff deprived plaintiff of the benefits and rights to which he was entitled pursuant to the FMLA.

22. Defendant interfered with plaintiff's rights under the FMLA by unlawfully terminating plaintiff's employment.

3

23. Defendant retaliated against plaintiff for requesting, applying for and using FMLA-protected leave.

24. Defendant's termination of plaintiff's employment was unlawful and constitutes a "prohibited act" within the meaning of the FMLA.

25. Plaintiff has suffered and will continue to suffer direct pecuniary losses as a result of defendant's violations of the FMLA.

26. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for liquidated damages.

27. As a result of its actions, defendant is liable for plaintiff's attorneys' fees.

28. As a result of its actions, defendant is obligated to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. A jury trial and entry of judgment in his favor;
2. Back pay and damages for lost benefits;
3. Reinstatement or, alternatively, front pay and damages for lost benefits;
5. Attorneys' fees and expenses;
7. Prejudgment interest and, if applicable, post judgment interest; and
8. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

*Kerry Knox*
Kerry Knox, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000

4

*(signature)*

Stephen W. Grace, TN No. 14867
1019 16TH Avenue South
Nashville, TN 37212
(615)255-5225
ATTORNEYS FOR PLAINTIFF