IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JERROD NILE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-0279 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Knowles |
| | ) | |
| INGRAM ENTERTAINMENT INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16(d)(1)b.2, plaintiff Jerrod Nile ("plaintiff") and defendant Ingram Entertainment Inc. ("defendant") submit this Proposed Initial Case Management Order.

1.     Status of Service of Process:  Service of process has been completed.

2.     Status of Responsive Pleadings:  Defendant has responded to the Complaint.

3.     Jurisdiction:    The parties agree that the Court has jurisdiction under 28 U.S.C. § 1331.

4.     (a) Plaintiff's Theory of the Case:  Plaintiff was an employee of defendant.  In June of 2010, plaintiff learned that he would have to have spinal surgery as a result of degenerative disc disease.  Plaintiff informed defendant's Human Resources Manager that he would have to have surgery on his spine and that he would be absent for a period of time from his job.  On or about July 7, 2010, plaintiff's physician completed and returned defendant's Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*., ("FMLA") certification papers to defendant advising that plaintiff was required to undergo spine and neck surgery.  On July 15, 2010, defendant informed plaintiff that it was terminating his employment for the stated reason that he stole a roll of toilet

N NWC 888298 v1

2918140-000027 05/08/2012

paper on July 11, 2010. Plaintiff did not steal anything from defendant ever. In fact, plaintiff worked around and was responsible for defendant's extremely valuable assets and equipment, and defendant knows he did not steal anything from it. When plaintiff told defendant at the time it was terminating his employment that he had never stolen anything, much less a roll of toilet paper, defendant told plaintiff that it captured the "theft" on video and showed him a grainy surveillance video that no reasonable person could watch and conclude that plaintiff stole a roll of toilet paper. Defendant's stated reason for its termination decision is a pretext. Defendant terminated plaintiff's employment because of his requested FMLA leave in violation of the FMLA. As a direct result of defendant's actions, plaintiff has suffered damages.

(b)　Defendant's Theory of the Case: Defendant denies that it engaged in any unlawful conduct or that Plaintiff is entitled to any remedy or relief from Defendant. Specifically, Plaintiff's allegation of violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. fails because: (1) Plaintiff cannot establish a prima facie case of FMLA interference or retaliation; (2) All the personnel actions about which Plaintiff complains were taken solely for legitimate, non-discriminatory business reasons and were in no way motivated by or based on unlawful discriminatory or retaliatory animus; (3) Plaintiff cannot establish that Defendant's legitimate, nondiscriminatory business reasons for its actions were pretextual; (4) Defendant had an honest belief in its legitimate, non-discriminatory business reasons for its actions; and (5) Defendant acted in good faith and had reasonable grounds to believe that its actions did not violate the FMLA.

5.　Identification of Issues: The following issues have been resolved: service of process, jurisdiction, and venue. All other issues relating to liability and damages are in dispute.

N NWC 888298 v1

2918140-000027  05/08/2012

6.      Need for Additional Claims:  At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties or claims, or class certification, or the need for resolution of any issues arising from Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure.  Plaintiff may seek to amend his Complaint in accordance with the Federal Rules of Civil Procedure, if appropriate, following some discovery.  The deadline for filing motions to amend the pleadings is September 15, 2012.

7.      **Rule 26(a)(1) Disclosures:**  The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

8.      **Other Pretrial Discovery Matters**:  All discovery shall be completed on or before November 30, 2012.  All written discovery shall be submitted in sufficient time so that the response may be submitted by the discovery cutoff.  Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33(b) is expanded to allow 40 interrogatories, including subparts.  No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.  The deadline for filing discovery-related Motions is December 7, 2012.

9.      **Expert Witnesses:**

(a)     Plaintiff shall identify his expert witnesses and provide defendant (not file with the Court) all of the information specified in Rule 26(a)(2)(B) by July 31, 2012.

(b)     Defendant shall identify its expert witnesses and provide plaintiff (not file with the Court) all of the information specified in Rule 26(a)(2)(B) by August 31, 2012.

(c)     All supplements to expert reports shall be served by September 15, 2012.

(d)     The deadline for completion of expert discovery is November 30, 2012.

(e)     All motions related to expert discovery shall be filed by October 15, 2012.

N NWC 888298 v1

2918140-000027  05/08/2012

10.      **Dispositive Motion Deadlines:**

Dispositive motions shall be filed on or before February 15, 2013. Responses to dispositive motions shall be filed within thirty (30) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed 20 pages without leave of Court.

.

.

.

11.      **Pretrial Conference and Deadlines:** A pretrial conference is set for June 28, 2013, at _10:00 a.m. The parties' pretrial obligations will be set

forth by separately entered order.

12.      **Trial Date and Length:** This case is set for a jury trial on July 9, 2013, at 9:00 a.m. The trial is expected to last three days.

13**.      Joint Mediation Report:**

.

It is so ORDERED.

Entered _____, 2012.

_____
Honorable E. Clifton Knowles
United States Magistrate Judge

4

N NWC 888298 v1

2918140-000027  05/08/2012