IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERROD NILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-00279 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Knowles |
| INGRAM ENTERTAINMENT INC., | ) |
| | ) JURY DEMAND |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant Ingram Entertainment, Inc.'s Motion to Strike or Exclude Unfiled Declaration of Plaintiff's Attorney Steve Grace and Additional Facts it Purports to Support ("Motion"), filed on March 28, 2013. (Doc. No. 26.) Defendant seeks to exclude from the Court's consideration a declaration by Plaintiff's attorney that Plaintiff referred to in paragraphs 12 and 13 of his statement of disputed facts for trial (Doc. No. 22 at 27), but which he failed to file as an exhibit. (Doc. No. 26 at 1.) The declaration, Defendant argues, is inadmissible for purposes of summary judgment under Federal Rule of Civil Procedure 56(c). (*Id.*) In addition, Defendant appears to request the Court strike paragraphs 12 and 13 of Plaintiff's statement of disputed facts, or, at minimum, any reference they contain to the unfiled declaration. (*Id.*) Plaintiff has not filed a response.

The Court **GRANTS** the Motion to the extent that it will not consider the unfiled declaration in ruling on the pending motion for summary judgment (Doc. No. 13) and will strike any mention of the declaration from Plaintiff's statement of disputed facts (Doc. No. 22 at 27). However, because paragraphs 12 and 13 of Plaintiff's statement of disputed facts rely on additional exhibits for support, the Court will not strike these paragraphs in their entirety.

1

It is so ORDERED.

Entered this the __4th__ day of June, 2013.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2